IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOHN RAY KIDD**                                                                        **PETITIONER**

**V.**                                **NO. 3:25-CV-206-DMB-DAS**

**SUPERINTENDENT MARC MCCLURER**                        **RESPONDENT**

## ORDER TRANSFERRING CASE TO FIFTH CIRCUIT

On July 15, 2025, John Ray Kidd filed a pro se petition in the United States District Court for the Northern District of Mississippi seeking a writ of habeas corpus under 28 U.S.C. § 2254.[1] Doc. #1. In the petition, Kidd challenges his convictions in the Circuit Court of Union County, Mississippi, for two counts of rape and one count of sexual battery. *Id.* at 1; Doc. #5-6 at PageID 64–65.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer such to the Fifth Circuit "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); *see In re Epps*, 127 F.3d 364, 365 (5th

---

[1] On January 13, 2026, Kidd's petition was "deemed amended as of the date [his] motions [to amend] were filed." Doc. #11.

Cir. 1997) ("The district court has transferred the habeas petition to this court for a determination whether the successive petition should be allowed," citing 28 U.S.C. §§ 2244(a) and (b)(3)(C)).

Kidd previously filed at least two unsuccessful § 2254 petitions concerning the same convictions he challenges here. *Kidd v. Waller*, No. 3:05-CV-35, 2006 WL 2092417 (N.D. Miss. July 26, 2006), *aff'd*, 235 F. App'x 995 (5th Cir. 2007); *Kidd v. Johnson*, No. 3:19-CV-184, at Doc. #12 (N.D. Miss. Dec. 31, 2019). Because Kidd did not obtain authorization to file a successive petition, in the interest of justice and judicial economy, his petition and the entire record in this case is **TRANSFERRED** to the Fifth Circuit Court of Appeals to determine whether his successive petition is allowed. This case is **CLOSED**.

**SO ORDERED**, this 17th day of February, 2026.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**